IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| **STEPHEN WILSON** ) | |
| ) | **NOS. 2:05–CV-262** |
| **v.** ) | **2:04-CR-42** |
| ) | |
| **UNITED STATES OF AMERICA** ) | |

## ORDER

The petitioner has filed a *pro se* motion to vacate, set aside or correct his sentence under Title 28, United States Code, Section 2255. The petitioner was sentenced, following a plea of guilty to manufacturing in excess of 100 marijuana plants, on October 4, 2004. The judgment was entered on October 18, 2004 adopting the sentence orally pronounced by the Court. The petitioner did not file a direct appeal. His petition under Section 2255 was filed on October 3, 2005.

The petitioner entered a plea of guilty, pursuant to a Rule 11 plea agreement, to a one (1) count information charging him with manufacturing in excess of 100 marijuana plants. The information also set forth forfeiture allegations, which included the forfeiture of 34 firearms recovered from the defendant's property. The petitioner's plea agreement stipulates that the firearms recovered "were possessed in connection with the unlawful manufacture of marijuana as charged in the Information only for purposes of forfeiture, *U.S.S.G.* §§ 2D 1.1(b)(1) and 5C1.2(a)(2), and that

said firearms were possessed to facilitate the commission of the offenses charged in the Information only for purposes of forfeiture pursuant to 21 *U.S.C.* § 853." The plea agreement further sets forth that agents discovered and seized 457 marijuana plants and 108 harvested marijuana plants.

21 *U.S.C.* § 841(b)(1)(B) provides a minimum sentence of five (5) years imprisonment for the manufacture of in excess of 100 marijuana plants, regardless of weight. Due to the minimum mandatory sentence set forth by § 841, which is required by the number of marijuana plants agreed to by the defendant in his plea agreement, the Court sentenced the defendant to the minimum sentence of 60 months.

In support of his petition, Mr. Wilson sets forth several issues which he contends justify the vacation of his sentence. The issues set forth by the defendant are that he was denied effective assistance of counsel by counsel's failure to file a notice of appeal, despite the instruction by the defendant to so act, that his sentence was enhanced beyond the "statutory minimum" based upon facts not proven to a jury beyond a reasonable doubt, and that his counsel was ineffective in failing to obtain for the defendant a downward departure pursuant to *U.S.S.G.* § 5K1.1 or a reduction pursuant to *U.S.S.G.* § 5C1.2 ("safety valve").

Initially, the Court will discuss the petitioner's assignment of error based upon judicial fact finding since the issue of whether the Court could find that the defendant possessed in excess of 100 marijuana plants and firearms in connection with

2

the drug offense bears on the sustainability of the petitioner's other assignments of error.

The petitioner correctly states that his sentencing was prior to the Supreme Court's ruling in *United States v. Booker*, 125 S. Ct. 738 (2005), wherein the United States Supreme Court addressed the effect of its ruling in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) on the United States Sentencing Guidelines. In *Booker*, the Court held that the United States Sentencing Guidelines violated the defendant's Sixth Amendment right to a jury trial because the Guidelines required judges to find facts used to increase a sentence beyond what could be imposed based solely on the jury verdict. The Court severed the two provisions in the Sentencing Reform Act of 1984 (18 U.S.C. § 1351 (*et seq.*) which make the Guidelines mandatory, that is, 18 *U.S.C.* §§ 3553(b)(1) and 3742(e)). The excision of these two provisions from the Sentencing Reform Act of 1984 makes the Guidelines effectively advisory. Consequently, post *Booker*, with the Guidelines being merely advisory, the Court is in the position, when determining a reasonable sentence for the defendant, to consider facts not proven to a jury beyond a reasonable doubt. Such judicial fact finding is not violative of a defendant's due process rights so long as the imposed sentence is not in excess of the applicable statutory maximum. Accordingly, the Court finds that this petitioner's apparent interpretation of *Booker* is clearly in error. *Booker* in no way extended a judge's authority to depart from the minimum mandatory

3

sentence imposed by Congress for a particular offense.

Even if *Booker* could be interpreted as prohibiting judicial fact finding, such finding would be inapplicable to this petitioner's sentence. This Court did not make any judicial fact finding which would have had the effect of increasing or enhancing this defendant's sentence. Rather, the defendant was sentenced to the minimum permitted sentence as dictated by the Congress in 21 *U.S.C.* § 841(b)(1)(B) for the manufacture of in excess of 100 marijuana plants. The Court did not make a finding that the defendant had manufactured in excess of 100 marijuana plants but rather the defendant, in his plea agreement, which at his plea hearing he agreed had been entered knowingly, voluntarily, and without coercion, conceded not only his agreement that he is guilty of the conduct charged in the information, which attributes to him in excess of 100 plants, but specifically provided that the defendant was in possession of 457 growing marijuana plants, and 108 harvested marijuana plants.

The defendant's contentions that the Court could have departed downward from the minimum mandatory sentence under the provisions of *U.S.S.G.* § 5C1.2 or 5K1.1 is also without merit. Section 5C1.2, commonly referred to as the "safety valve," permits a court to impose a sentence in accordance with the applicable guideline range, even if the guideline range is below the minimum statutory sentence, where the defendant meets certain criteria. One of those criteria is that the defendant not "possess a firearm or other dangerous weapon . . . in connection with the offense."

4

In his plea agreement, the defendant clearly agreed that firearms were possessed in connection with the unlawful manufacture of marijuana, for purposes of § 5C1.2(a)(2), thus indicating that the defendant was ineligible for the safety valve, regardless of what information he may have provided to the government.

Likewise, regardless of the defendant's assistance to the government, the Court would not have been in a position to reduce the minimum mandatory sentence under § 5K1.1. On its face, § 5K1.1 provides that the court may depart "from the **guidelines**," not that the court may depart from the minimum mandatory statutory sentence. (Emphasis added). Additionally, the Court notes that while the defendant attributes the lack of a § 5K1.1 motion having been filed in this case to ineffective assistance of his counsel, § 5K1.1 clearly provides on its face that the departure is only "[u]pon motion of the government."

Finally, regardless of whether the defendant advised his attorney to file a notice of appeal, such a failure is harmless to this defendant, since the Court of Appeals, like this Court, would have been bound by the minimum statutory sentence of 60 months, which sentence was imposed. Clearly, this petitioner cannot establish a reasonable probability that, but for any failing on the part of his attorney, the proceedings would have produced a different result, *i.e.* he would have received a lower sentence.

Accordingly, it is hereby **ORDERED** that petitioner's motion under

5

§ 2255 to vacate, set aside, or correct its sentence is **DISMISSED**. Inasmuch as the petitioner has not alleged a substantial showing of the denial of a constitutional right, it is also hereby **ORDERED** that the petitioner is **DENIED** a certificate of appealability. Fed. R. App. 22(b); *Oyons v. Ohio Adult Parole Authority*, 105 F. 3d 1063 (6th Cir. 1996).

    ENTER:

                                                  s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE